**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**CATALINA DEVELOPMENT, INC., and
SANTA TERESA COUNTRY CLUB, LLC,**

    Appellants,

vs.                                            Civ. No. 00-1210 BB/DJS
                                                Bankruptcy No. 7-96-10336ML

**PHYLLIS L. CROWDER,**

    Appellee.

**MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION**[1]

l.  This matter is before the Court upon an appeal from an Order entered by the Bankruptcy Court on August 9, 2000.  The appeal is limited to all provisions in the Order requiring Catalina Development, Inc. and Santa Teresa Country Club, LLC to assume and pay a pre-petition debt owed by the Debtor, Ms. Crowder, to El Paso Electric Company.  The district court has jurisdiction over appeals from the Bankruptcy Court.  28 U.S.C. Secs. 158(a) and 1334(a).  The District Judge to whom this appeal was assigned referred this

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. Section 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file with the clerk of the district court any objections within the ten day period allowed if that party seeks appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

matter for proposed findings and recommended disposition pursuant to 28 U.S.C. Sec. 636(1)(B) and <u>Virginia Beach Savings & Loan Association v. Wood</u>, 901 F.2d 849 (10th Cir. 1990).

## Standard of Review

2.   When reviewing a decision of the Bankruptcy Court, the District Court functions as an appellate court and is authorized to affirm, reverse or modify the Bankruptcy Court's ruling or remand the case for further proceedings.  <u>Bartmann v. Maverick Tube Corp</u>., 853 F.2d 1540, 1543 (10th Cir. 1988).   This Court reviews legal determinations on a *de novo* basis and factual findings under a clearly erroneous standard.   Bankr. R. 8013; <u>Sender v. Heggland Family Trust</u>, 48 F.3d 470, 472 (10th Cir. 1995).

## Proposed Findings

3.   On January 25, 1996, Phyllis Crowder ("Debtor") declared bankruptcy under Chapter 11 of the Bankruptcy Code.  The Debtor and her former husband, Charles Crowder, were the sole proprietors of Santa Teresa County Club ("STCC").  Debtor operated as a Debtor-in-Possession from her filing until June 4, 2000 when her case was converted to Chapter 7, and a trustee appointed pursuant to 11 U.S.C. Sec. 701.

4.   Appellant Catalina Development, Inc. ("Catalina") was a creditor of STCC.  Catalina asserts it was owed in excess of $10 million, which was secured by STCC and certain land surrounding STCC.  The Crowders and Catalina negotiated a settlement of the

debt owed to Catalina.

    5.    On June 10, 1996, Debtor, her former husband and Catalina signed a letter containing their agreement satisfying the debt owed to Catalina ("Letter Agreement").  The Letter Agreement provides that Catalina "shall assume the obligation to pay the following debts and obligations: (1) all accounts payable now on the books of the Santa Teresa County Cub [sic] which were contracted in the ordinary course of business..." Letter Agreement at p.3.

    6.    Debtor filed a motion to enforce the settlement agreement.  The Bankruptcy Court granted the relief sought, upon certain conditions, and an order was entered.  Subsequently, the Trustee filed a Motion To Compel Closing with the Bankruptcy Court.  On August 9, 2000, United States Bankruptcy Judge Mark B. McFeeley entered an Order on Trustee's Motion to Compel Closing.  In that Order, Judge McFeeley ordered that July 14, 2000 would be the actual closing date and the parties would close on the settlement agreement contained in the Letter Agreement.

    7.    Both parties agree that the principal issue on appeal is who must pay an outstanding electricity bill owed by STCC to El Paso Electric Company.  Catalina agrees that it is obligated to assume accounts payable on the books of STCC. However, Catalina is contending that it and the Debtor agreed that the El Paso Electric Company Debt was not an account payable of STCC.  The Trustee of Appellee's Estate contends that Judge McFeeley correctly determined that a controlling settlement agreement between the parties

unambiguously requires Catalina to pay the El Paso Electric Company debt.

8.   The parties agree that under New Mexico law of contract interpretation the Court may consider extrinsic evidence in determining whether a provision of a contract is ambiguous. "[E]ven if the language of the contract appears to be clear and unambiguous, 'a court may hear evidence of the circumstances surrounding the making of the contract and of any relevant usage of trade, course of dealing, and course of performance,' in order to decide whether the meaning of a term or expression contained in the agreement is actually unclear."  Mark V, Inc. v. Mellekas, 114 N.M. 778, 781, 845 P.2d 1232, 1235 (1993)(quoting C.R. Anthony v. Loretto Mall Partner, 112 N.M. 504, 508-09, 817 P.2d 238, 242-243 (1991)).  Catalina contends that Judge McFeeley did not consider the evidence offered by Catalina in making the determination that the Letter Agreement was not ambiguous.  However, the transcript of the proceeding on June 21, 2000 clearly shows otherwise.  Judge McFeeley admitted into evidence extrinsic evidence surrounding the negotiation of the Letter Agreement and the intent of the parties. Judge McFeeley allowed the evidence over the objection of Trustee's counsel, stating "I am going to let in the evidence and think about whether or not I think this agreement is ambiguous."  Transcript, of Proceeding, June 21, 2000, pp. 45-46.

9.   Catalina introduced the testimony of Gregory Collins, President of Catalina, who testified as to his intent and what he

relied upon during negotiations of the Letter Agreement.  Id. at pp. 44-48.  The Trustee presented the testimony of Debtor's former husband who testified that he intended that the pre-petition electricity charges incurred by STCC be included as "accounts payable" then on the books of STCC for which Catalina would assume responsibility.  Id. at pp. 58-59.  Counsel for Catalina cross-examined Mr. Crowder.  Id. at pp. 59-63.

10.   The Trustee also introduced the testimony of Douglas Brock.  The Trustee states that Mr. Brock is a CPA hired by the Debtor to assist her in tax-related issues.  Mr. Brock testified that the pre-petition electric bill owed by STCC to El Paso Electric was listed in the financial records of the country club as an account payable incurred in the normal course of business.  Id. at pp. 65-66.  Counsel for Catalina cross-examined the witness. Id. at pp. 66-69.

11.   After hearing the evidence, Judge McFeeley ruled that the Letter Agreement was unambiguous.  Further, only after hearing the extrinsic evidence did Judge McFeeley sustain the objection to the evidence that contradicted what the Letter Agreement stated. Id. at p. 75.  It is clear Judge McFeeley considered the extrinsic evidence in making his ruling.  Further Judge McFeeley did not state or infer that the Letter Agreement was unambiguous "on its face."

12.   The Bankruptcy Court did not err in its Order of August 9, 2000 in requiring Catalina and STCC to assume and pay a pre-

5

petition debt owned by the Debtor to El Paso Electric Company.

## Recommended Disposition

The provisions in the Order on Trustee's Motion to Compel Closing requiring Catalina Development, Inc. and Santa Teresa Country Club, LLC to assume and pay a pre-petition debt owed by the Debtor to El Paso Electric Company should be affirmed and this appeal should be dismissed.

_____
Don J. Svet
**UNITED STATES MAGISTRATE JUDGE**